UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 1456

------------------------------------------------------------------------X

CLOVIS SELTZER,                                   Case No.

                Plaintiff,

   -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE              JURY DEMAND
GEORGE WEIR [SHIELD # 447], P.O.
SELEGEAN ALLEN [SHIELD # 5009],
JOHN DOE and JANE DOE #1-5 (the
names John and Jane Doe being fictitious,
as the true names are presently unknown),
                Defendants.

------------------------------------------------------------------------X

Plaintiff, CLOVIS SELTZER, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, Detective George Weir
[Shield # 447], P.O. Selegean Allen [Shield # 5009] and John Doe and Jane Doe #1-5
(collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the
plaintiff under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments
to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and
arising under the law and statutes of the City and State of New York.

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First,
Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States
Constitution.

3.      As the deprivation of rights complained of herein occurred within the
Southern District of New York, venue is proper in this district pursuant to 28
U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.　　　　Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.　　　　At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.　　　　This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.　　　　Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.　　　　Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.　　　　The City of New York Police Department ("NYPD") is an agency of Defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of Defendant City.

10.　　　Defendant Detective George Weir [Shield # 447] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.　　　Defendant P.O. Selegean Allen [Shield # 5009] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.　　　Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals employed by the NYPD. They are named here in their official and individual capacities.

13.　　　At all times material to this Complaint, the aforementioned individual defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.　　　On or about June 13, 2014, at approximately 6:00 p.m., defendant Allen and unknown NYPD officers, acting in concert, arrested the plaintiff without cause at or within the vicinity of 406 East Fordham Road, Bronx, New York,

2

and charged plaintiff with PL 165.30(1) 'Fraudulent accosting', among other charges. Additionally, on or about January 7, 2014, at approximately 2:00 p.m., defendant Weir and unknown NYPD officers, acting in concert, arrested the plaintiff without cause at or within the vicinity of 450 Cross Bronx Expressway, Bronx, New York, and charged plaintiff with PL 240.30(1)(a) 'Aggravated harassment in the second degree'.

15.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16.     Prior to the June 13, 2014 arrest, plaintiff was passing through the vicinity of 406 East Fordham Road, Bronx, New York, when he ran into one of his friends, Evelyn Gomez.

17.     Upon the chance encounter, Ms. Gomez and the plaintiff attempted to catch up with one another.

18.     As plaintiff and Ms. Gomez were engaged in a brief conversation, defendant Allen and unknown NYPD officers bum-rushed Ms. Gomez and the plaintiff and arrested them.

19.     Defendant Allen and the unknown NYPD officers tightly handcuffed the plaintiff with his hands placed behind his back.

20.     After tightly handcuffing the plaintiff, defendant Allen and the unknown NYPD officers forcibly grabbed the plaintiff and slammed him down to the floor.

21.     Defendant Allen and the unknown NYPD officers then proceeded to forcibly push, pull, kick, hit and stomp all over the plaintiff causing the plaintiff to sustain serious bodily injuries including, but not limited to, injuries to his facial areas, head, back, arms, legs, wrists, knees and shoulders.

22.     Eventually, defendant Allen and the unknown NYPD officers forcibly pushed the plaintiff into their police vehicle and drove away.

23.     Defendant Allen and the unknown NYPD officers detained the plaintiff in their said vehicle for approximately five (5) hours.

3

24.     During entire period of time that the plaintiff was detained in the said police vehicle, defendant Allen and the unknown NYPD officers were merely driving around from one place to the other.

25.     In addition, defendant Allen and the unknown NYPD officers turned off the air condition in the back of the vehicle where the plaintiff was held and detained making it extremely hot and unbearable.

26.     Because of his injuries, and because the plaintiff was also caused to become sick as a result of the entire ordeal, the plaintiff requested to be transported to the hospital for medical care and attention.

27.     Defendants ignored plaintiff's entreaties for medical care and attention.

28.     On or about June 14, 2014, after the plaintiff's condition had deteriorated, defendants finally transported plaintiff to the hospital.

29.     Eventually, plaintiff was transported to the NYPD-48th Precinct.

30.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

31.     While plaintiff was awaiting arraignment, defendant Allen and the unknown NYPD officers met with prosecutors employed by the Bronx County District Attorney's Office.

32.     During this meeting, defendant Allen and the unknown NYPD officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offenses.

33.     Based on the false testimony of defendant Allen and the unknown NYPD officers, the prosecutors initiated criminal actions against the plaintiff.

34.     Eventually, the prosecutors determined that there was no evidence of any crimes committed by the plaintiff.

35.     As a result, the prosecutors declined to prosecute the plaintiff.

36.     Eventually, after detaining the plaintiff for a lengthy period of time, defendants summarily released the plaintiff from his unlawful detention.

37.     Prior to the January 7, 2014 arrest, plaintiff had contacted his girlfriend, Gwendolyn Missouri, by telephone and left her a voice message hoping to cheer her up.

38.      Ms. Missouri at the time was recuperating from a surgery.

39.      Shortly after leaving the voice message, the plaintiff received a telephone call from defendant Weir and unknown NYPD officers.

40.      During the telephone call, defendant Weir and the unknown NYPD officers directed the plaintiff to appear at the NYPD-48th Precinct concerning a purported complaint which was allegedly filed against him by his girlfriend.

41.      Although plaintiff's girlfriend did contact the police and did inform them that she received a message from the plaintiff which she did not understand, she made it clear to the police that she was not filing any complaint against the plaintiff and that the plaintiff should not be arrested.

42.      On or about January 7, 2014, at approximately 2:00 p.m., the plaintiff promptly surrendered himself at the precinct as he was directed.

43.      Defendant Weir and the unknown NYPD officers then proceeded to immediately arrest and detain the plaintiff.

44.      At some point after detaining the plaintiff at the precinct for a lengthy period of time, defendant Weir and the unknown NYPD officers met with prosecutors employed by the Bronx County District Attorney's Office.

45.      During this meeting, defendant Weir and the unknown NYPD officers falsely stated to the prosecutors, among other things, that the plaintiff threatened to cause physical harm to his girlfriend and, thereby, knowingly caused his girlfriend to reasonably fear harm to her physical safety.

46.      Based on the false testimony of defendant Weir and the unknown NYPD officers, the prosecutors initiated criminal actions against the plaintiff.

47.      Following an independent investigation, the prosecutors, observing that there was no history of violence between the plaintiff and his girlfriend nor any prior reports of domestic incident between them, concluded that there was no evidence of any crime committed by the plaintiff.

48.      As a result, the prosecutors declined to prosecute the plaintiff.

49.      Eventually, after detaining the plaintiff for a lengthy period of time, defendant Weir and the unknown NYPD officers summarily released the plaintiff from his unlawful detention.

50.      That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

51.      Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

52.      As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 - against individual officers

53.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54.      The conduct of the individual officers, as described herein, amounted to false arrest, excessive use of force, conspiracy, failure to intervene, unreasonable search and seizure, unreasonable detention, deliberate indifference, fabrication of evidence, denial of freedom of speech, denial of equal protection of the laws, discrimination and denial of due process rights.

55.      Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

56.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

57.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.     Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

59.     Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading, assaulting, and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns, robbery and/or other illicit activities.

60.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

61.     In addition to the named individual defendants, several officers of the NYPD assigned to NYPD-48th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

62.     Most of the arrests and charges made by officers assigned to NYPD-48th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

63.     Defendant City has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-48th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Kenneth Kelly v. City of New York* (13 CV 3878); *Nancy Smith v. City of New York* (10 CV 9331).

64.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

65.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse and the use of force and the right to due process.

66.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

67.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process),

Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

69.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

70.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

71.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: TORTS - against individual officers

72.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73.     The conduct of the individual officers, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, and negligent and intentional infliction of emotional distress.

74.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

75.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 74 inclusive, with the same force and effect as though more fully set forth at length herein.

76.      Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

77.      Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

78.      Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were not prudent and were potentially dangerous.

79.      Upon information and belief, defendant City's negligence in hiring and retaining the individual defendants proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      February 27, 2015

UGO UZOH, P.C.

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com